[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment in this mechanic's lien foreclosure action on the following grounds: 1) he was not properly served with the Notice of Intent to file a Mechanic's Lien; 2) he was not served with the mechanic's lien CT Page 6192 itself; and 3) he never entered into a contract with Landev, Inc., the contractor through which the plaintiff claims his mechanic's lien.
The defendant has submitted a copy of the Notice of Intent to file Mechanic's Lien, whereon a deputy sheriff has indicated that he served a copy of the Notice on Kevin Dowling at 987 Hopmeadow Street, Simsbury, Connecticut. He has also submitted the affidavit of Kevin Dowling, which makes no mention of his role as Trustee for DAD Associates, does not mention DAD Associates, and states that he had never entered into a contract with Landev, Inc., never maintained an office at 987 Hopmeadow Street, Simsbury and was never served with the mechanic's lien.
The plaintiff has submitted the affidavit of a deputy sheriff, which indicates that the defendant was served with the mechanic's lien at 987 Hopmeadow Street, Simsbury, and has produced several documents from the Simsbury land records where in Kevin Dowling is listed as "Kevin V. Dowling, Trustee for DAD Associates, c/o Dowling and Dowling, 987 Hopmeadow Street, Simsbury, Ct."
The defendant's contention that he, personally, never entered into a contract with Landev, Inc. is wholly insufficient to defeat the plaintiff's mechanic's lien. The defendant's personal actions are not at issue here and his affidavit does not address his actions in his capacity as trustee for DAD Associates. Moreover, even if the affidavit did address those actions, a valid mechanic's lien may be based on the existence of a contract between the owner and the contractor, or the consent of the owner. Connecticut General Statutes § 49-33 provides, in pertinent part:
 If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances, . . . and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected . . . or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim. (Emphasis added).
CT Page 6193
Connecticut General Statutes §§ 49-34 and 49-35 provide for service of both the mechanic's lien and the notice of intent to claim mechanic's lien by leaving same with a known agent of the owner if the owner resides in the town where the services were performed or the materials provided. There is clearly an issue of fact here as to whether 987 Hopmeadow Street in Simsbury was the address of a known agent of the defendant.
For the foregoing reasons, summary judgment is denied.
By the Court, Aurigemma, J.